[No. 15016. Department Two. April 8, 1919.]

WILLIAM A. GREENE, *Respondent,* v. FRANK ATWOOD, *Appellant,* JULIUS ZIPSE *et al., Defendants.*[1]

APPEAL (440)—REVIEW—HARMLESS ERROR—STRIKING. The striking of a plea of payment is harmless, where the answer was treated as pleading payment and proof thereof was admitted without objection.

INTOXICATING LIQUORS (62)—NOTE BY RETAIL SALOON KEEPER TO BREWING COMPANY. There is no illegality in the consideration for a promissory note to a brewing company given for money loaned to be used generally in the business of a grill and saloon, within the meaning of the law prohibiting a wholesaler's interest in a retail saloon, or forbidding the payment of the license fee of a retailer, the license having already issued.

Appeal from a judgment of the superior court for King county, Hall, J., entered May 6, 1918, upon the verdict of a jury rendered in favor of the plaintiff, in an action upon a promissory note. Affirmed.

*Ryan & Desmond,* for appellant.

*Henry & Hemrich,* for respondent.

HOLCOMB, J.—The appellant, Atwood, joined with Messrs. Zipse, Bauman, Fuhrberg and Schaab in executing a promissory note in the sum of $5,000 in favor of the Claussen Brewing Association. The evidence is disputed as to the exact reason for the joining of Atwood and the four others above named on the note. It is agreed, however, that Atwood was the manager of, or interested in, a building in which his four associates on the note in question conducted a grill and saloon, and it is also undisputed that the money loaned was for the purpose of maintaining the rental credit of the grill and saloon. But the principal question presented here is, as both sides conceded,

[1]Reported in 180 Pac. 399.

one of pleading, and we shall examine the record from that viewpoint.

The trial of the case was upon the third amended answer of the appellant Atwood. Previously the pleadings had been settled by the superior court's eliminating various defenses and modifying others until the third amended answer was finally reached. Paragraph II of the appellant's second affirmative defense reads as follows:

"That the defendants Zipse, Bauman, Fuhrberg and Schaab carried on their said line of business as the German-American Hotel Company, a corporation, and all of its net earnings were placed under the control of said Claussen Brewing Association, with the understanding and agreement that the same should be applied toward the payment of the note set forth in plaintiff's complaint, and from such proceeds the said note was fully paid, and the said Claussen Brewing Association fraudulently failed, neglected and refused to cancel the same, for the purpose of attempting to hold this defendant, Frank Atwood, thereon, and applying the money so received on other indebtedness of said defendants Zipse, Bauman, Fuhrberg and Schaab and of the German-American Hotel Company to the said Claussen Brewing Association."

Upon respondent's motion, this affirmative defense was stricken. It was vigorously argued, at the hearing in this court, by counsel for the appellant that the lower court erred in striking this affirmative defense; that it was, in fact, a plea of payment, and entitled to go to the jury as such; and that the appellant had been seriously prejudiced by its elimination. The answer to this contention is conclusive from the record itself. Paragraph IV of appellant's third amended answer reads as follows:

"This defendant, answering paragraph IV of said complaint, admits that he has not paid to the plaintiff

the sum of $5,000, but alleges that said note has been fully paid by the mortgagors named in the mortgage which said note was given to secure.''

That this was regarded by the trial court upon the trial and by counsel for all parties hereto as a plea of payment is evidenced by the following colloquy, taken from the statement of facts:

''(After objection) The Court: There is a plea of payment here, I think, is there not? Mr. Ryan (counsel for appellant): Yes. Mr. Henry (counsel for respondent): I have no objection to them proving any payment. The Court: Yes. Anything that would go to prove the payment.''

It is therefore clearly apparent that the striking of paragraph II of the second affirmative defense was not in any way prejudicial to the right of appellant to plead payment, and we are constrained to hold that no reversible error was committed in that respect.

It is suggested, in the consideration, that the note is void for illegality of consideration because the brewing association was interested in the saloon and grill, within the meaning of the statute prohibiting such financial activities on the part of wholesale liquor dealers. Both the cases of our own and other jurisdictions are agreed that a valid distinction exists between paying the license fee, directly or indirectly, of a retail liquor dealer, as forbidden by law, and a legitimate financial transaction in regard to mortgages and leases. The license had already issued, and this transaction was for money loaned to be used generally in the business. And even where a part of the money so loaned is illegally applied in payment of a liquor license, the courts will recognize the divisibility of the loan into its legal and illegal parts. *In re Johnson,* 224 Fed. 180; *Minnesota Sandstone Co. v. Clark,* 35 Wash. 466, 77 Pac. 803; *Borland v. Prindle, Weeden*

& Co., 144 Fed. 713; 15 Am. & Eng. Ency. Law (2d ed.), page 991, note D; 27 Cyc. page 1130 G.

The judgment of the trial court will be affirmed.

CHADWICK, C. J., PARKER, FULLERTON, and MOUNT, JJ., concur.